UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELVIN J. DODDS,

                        Plaintiff,

      -vs-                      **No. 1:15-CV-00228 (MAT)**
                                       **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                        Defendant.

---

**I. Introduction**

Represented by counsel, plaintiff Melvin J. Dodds ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed applications for DIB and SSI on November 23 and 29, 2011, respectively, both of which were initially denied. Administrative Transcript ("T.") 12-25, 170-85. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") William E. Straub on April 23, 2013. T. 61-87. On June 20, 2013, ALJ Straub issued a decision in which he found that plaintiff was not disabled as defined in the Act. T. 14-21. On January 13, 2015, the Appeals Council denied plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 1-4 This action followed.

## III. The ALJ's Decision

Initially, the ALJ determined that plaintiff had met the insured status requirements of the Act through December 31, 2011. T. 16. At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since December 23, 2010, the alleged onset date. *Id.* At step two, the ALJ found that plaintiff suffered from the severe impairments of congestive heart failure, diabetes mellitus, and hypertension. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of any listed impairment. *Id.*

Before proceeding to step four, the ALJ determined that plaintiff retained the RFC to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). T. 17. At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 20. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff could perform. *Id.* Accordingly, the ALJ found plaintiff not disabled. *Id.*

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted).

Here, plaintiff argues that the ALJ's decision was not based on substantial evidence because (1) the ALJ violated the treating physician rule in rejecting the opinion of plaintiff's treating

3

cardiologist Dr. Kenneth Gayles and (2) the ALJ relied on his own lay opinion in determining plaintiff's RFC. For the reasons discussed below, the Court agrees with plaintiff and finds that remand of this matter for further development of the record is required.

A. **The ALJ Violated the Treating Physician Rule**

The treating physician rule requires an ALJ to give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, so long as he sets forth the reasons for his determination. *See Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). Where a treating physician's opinion is uncontradicted, there "must be overwhelmingly compelling evidence in order to overcome it." *Giddings v. Astrue*, 333 F. App'x 649, 652 (2d Cir. 2009); *see also Wilson v. Colvin*, 213 F. Supp. 3d 478, 483 (W.D.N.Y. 2016) (same).

Dr. Gayles, a cardiologist, treated plaintiff for congestive heart failure and hypertension for a number of years. On April 4, 2013, Dr. Gayles performed a Medical Examination for Employability Assessment on plaintiff. T. 826-28. Dr. Gayles stated that plaintiff suffered from congestive heart failure and opined that he was very limited in walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and climbing. T. 828.

On April 18, 2013, Dr. Gayles completed a Congestive Heart Failure Medical Assessment Form regarding plaintiff. T. 836-38. Dr. Gayles stated that plaintiff suffered from congestive heart failure and that his prognosis was fair. T. 836. Dr. Gayles further stated that plaintiff's symptoms included chest pain, weakness, exertional dyspnea, palpations, rest dyspnea, right upper quadrant pain, chronic fatigue, nausea, and dizziness. *Id.* Dr. Gayles reported that plaintiff suffered angina episodes 2-3 times per month and was required to rest for a couple of hours after such an episode. *Id.* Dr. Gayles identified an echocardiogram showing moderate left ventricular diastolic dysfunction and a MUGA scan showing a 44% ejection fraction as clinical findings and test results supporting his opinion. *Id.* He opined that plaintiff's symptoms would rarely interfere with his attention and concentration, but that plaintiff would be unable to: perform routine, repetitive tasks at a consistent pace; perform detailed or complicated tasks; meet strict deadlines; perform fast

5

paced tasks; be exposed to work hazards. T. 837. Dr. Gayles further opined that plaintiff could walk two blocks without severe pain or rest, could sit for twenty minutes at a time before needing to stand and sit for thirty minutes at a time before needing to walk, could sit stand, stand, or walk for less than two hours in a total eight hour workday, would need more than 10 unscheduled breaks during a normal work day, could rarely lift or carry 10 pounds or less, and could never carry more than 10 pounds. T. 837-38. Dr. Gayles stated that plaintiff's medications caused him to be drowsy and sedated and that his condition would cause him to miss work more than 4 days per month. *Id.*

In his decision, the ALJ concluded that Dr. Gayles' opinions were "not persuasive." T. 19. In reaching this conclusion, the ALJ explained that several of the symptoms identified in Dr. Gayles' opinions are not contained in his contemporaneous treatment notes. *Id*. The ALJ stated that "[w]hile it is remotely possible that the doctor remembered these symptoms . . . from examinations independent of his notes, it is more likely that these are a recitation of the claimant's responses to the questions on the form, rather than the objective assessment of the doctor." *Id.*

The Court agrees with plaintiff that the ALJ's assessment of Dr. Gayles' opinions was plainly inadequate. As a threshold matter, there is no indication that the ALJ followed the process outlined in 20 C.F.R. § 404.1572(c) for weighing the opinion of a treating physician. Significantly, the ALJ did not provide any cogent explanation for why Dr. Gayles' opinion was not

6

"well-supported by medically acceptable . . . techniques or "inconsistent with the other substantial evidence . . ., nor did he explicitly consider any of the factors for determining the weight given to a non-controlling opinion." *Greek v. Colvin*, 802 F.3d 370, 376 (2d Cir. 2015) (internal quotation omitted). Indeed, the ALJ did not identify any other medical opinion in the record contradicting Dr. Gayles' assessment. Notably, consultative physician Dr. Samuel Balderman declined to assess plaintiff's functional limitations related to his heart condition, explaining that it was necessary to "review[] [plaintiff's] most recent echocardiogram or cardiac angiogram . . . to document left ventricular function." T. 581. The ALJ did not address this issue at all, identifying no medical opinion on which he relied for his assessment of the functional limitations associated with patients' congestive heart failure.

Moreover, the absence of particular symptoms from Dr. Gayles' treatment notes does not necessarily mean plaintiff did not report those symptoms. As the ALJ acknowledged in his decision, it is entirely within the realm of possibility that plaintiff reported those symptoms to Dr. Gayles, who recalled those reports when completing his medical source statements. Lack of detail in treatment notes is not, standing alone, a "good reason" to reject a treating physician's opinion - instead, "undetailed treatment notes create a gap," which the ALJ must then make reasonable efforts to fill. *Ross v. Colvin*, 2015 WL 4891054, at *5 (W.D.N.Y. Aug. 17, 2015).

7

An ALJ's failure to provide "'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Here, the Court finds that the ALJ did not articulate good reasons for rejecting Dr. Gayles' opinions and that, having determined that the treatment notes lacked necessary information, he should have recontacted Dr. Gayles for clarification. Accordingly, remand is required.

### B. The ALJ Improperly Relied on his Lay Interpretation of Plaintiff's Cardiac Condition

Plaintiff also argues that the ALJ improperly relied on his own lay opinion in determining the severity of plaintiff's congestive heart failure. In particular, plaintiff notes that the ALJ made the assumption that some improvement in plaintiff's ejection fraction, coupled with his ability to exercise to 10 METS, translated to the ability to perform sedentary work, despite the lack of any medical opinion to that effect.

The Court agrees with plaintiff that the ALJ improperly made a lay assessment of the implications of plaintiff's congestive heart failure. "An ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion." *Goldthrite v. Astrue*, 535 F. Supp. 2d 329, 339 (W.D.N.Y. 2008). Here, the ALJ relied on his own interpretation of plaintiff's cardiac testing to reach a conclusion regarding his RFC. This was inappropriate, and remand is also warranted on this ground.

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 11) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:  September 25, 2017
        Rochester, New York.